UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FA'DEE MULAZIM, and
MELANIC RADINATION ZONEX
DEPARTMENT,

        Plaintiffs,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,

        Defendants.
_____/

CIVIL ACTION NO. 00-71209

DISTRICT JUDGE JOHN CORBETT O'MEARA

MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff Fa'Dee Mulazim's Motion for Relief from Judgment should be DENIED, as he has failed to show mistake, inadvertence, surprise or excusable neglect to justify the relief sought.

\*   \*   \*

This matter originally came before the magistrate judge on Order of Reference dated March 17, 2010. On March 15, 2000, plaintiff Fa'Dee Mulazim filed an action on behalf of himself and the Melanic Radination Zonex Department. He asserted that the Michigan Department of Corrections had violated his federal constitutional right to religious freedom. The Court issued an order on October 10, 2000, dismissing plaintiff's case because he had failed to pay the required filing fee (Docket #51). The Sixth Circuit Court of Appeals affirmed that decision on March 28, 2002. (Docket #90). The United States Supreme Court dismissed plaintiff's petition for a writ of certiorari on June 17, 2002 (Docket #93).

Plaintiff Mulazim filed the instant Rule 60(b) Motion for Relief from Judgment or Order on October 29, 2009. He sought relief from the final judgment entered by this Court in October 2000, dismissing his case because he had failed to pay the required filing fee. Seeking in forma pauperis status, Mulazim requested that he be allowed to amend his original complaint. He also sought a temporary restraining order.

DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) permits relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b)(1). In order to receive relief under this rule, the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect and a meritorious claim or defense. Marshall v. Monroe & Sons, Inc., 615 F.1156, 1160 (6th Cir. 1980). Neither carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed.R.Civ.P. 60(b)(1). FHS Equities, LLC, v. MBL Life Assurance Corp., 188 F.3d 678, 685-687 (6th Cir. 1999).

Plaintiff Mulazim has not demonstrated that he is entitled to relief based upon the existence of a mistake, inadvertence, surprise, or excusable neglect. He makes no showing of a meritorious claim or that newly discovered evidence would entitle him to relief. Dissatisfied by the previous judgment, Plaintiff merely seeks a second opportunity to litigate his dismissed case. The majority of the factual matter addressed in the instant motion relates to alleged violations of Plaintiff's rights _after_ the dismissal of his case. It does not warrant relief from judgment. If Plaintiff believes that he is _currently_ being denied religious freedom, he should bring a new cause of action, pursuant to 42 U.S.C. § 1983, naming those state actors responsible for the alleged deprivation of his federal constitutional rights.

The Motion for Relief from Judgment should be denied, as Plaintiff has failed to show mistake, inadvertence, surprise or excusable neglect to justify relief from final judgment. Given this recommendation, Plaintiff's application to Amend his Complaint, to proceed in Forma Pauperis (Docket #97), and for a Temporary Restraining Order (Docket #98) should also be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within fourteen (14) days after they are served with a copy, or further appeal from Judge O'Meara's acceptance thereof is waived.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: April 22, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on April 22, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 22, 2010: **Fa'Dee Mulazim.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217